UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD JOHNSON and DEANNA JOHNSON, <br>     Plaintiffs, <br>   v. <br> CENTROME, INC., *et al.*, <br>     Defendants. | CAUSE NO.: 2:20-CV-165-PPS-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiffs Richard Johnson and Deanna Johnson invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing their Complaint in federal court. As the parties seeking federal jurisdiction, Plaintiffs have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no Defendant may be a citizen of the same state as any Plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiffs have alleged a sufficient amount in controversy. Plaintiffs have also sufficiently alleged their own citizenship, as well as the citizenships of Defendants Centrome, Inc., Berje Incorporated, Elan Chemical Co., Inc., O'Laughlin Industries, Inc., Vigon International, Inc., Wild Flavors, Inc., Archer-Daniels-Midland Company, and Mane, Inc. However, the allegations

are insufficient as to the citizenship of Defendants Charkit Chemical Corporation and Alfrebro, LLC.

The caption of the Complaint names "Charkit Chemical Corporation" as a defendant, while Paragraph 10 refers to this entity as "Charkit Chemical Company, LLC." (Compl. ¶ 10, ECF No. 1). The Complaint alleges that this entity "is a Connecticut limited liability company is a corporation [sic] with its principal place of business at 32 Haviland Street, Unit 1 Norwalk, Connecticut 06854. At all times material hereto, its principal member Lebaron Brown, was a domiciliary and resident of Connecticut." *Id.* The Complaint further alleges that "Defendant Alfrebro, LLC is an Ohio limited liability company with its principal place of business at 1055 Reed Rd, Monroe, Ohio 45050. At all times material hereto, its principal member David Moats, was a domiciliary and resident of Ohio." *Id.* at ¶ 11. These allegations are insufficient for the purpose of determining citizenship.

First, the allegations regarding the citizenship of Defendant Charkit Chemical Corporation are unclear as to its organizational form. This information is important because for purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of a limited liability company or partnership. Second, the allegations regarding the citizenship of Defendant Alfrebro, LLC do not sufficiently set out the facts necessary to determine the citizenship of a limited liability company.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal

place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each of a limited liability company's members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Likewise, it is not sufficient to allege that a party is not a citizen of a particular state; states of citizenship must be explicitly named. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Finally, all such allegations must state the citizenship of each such member or partner at the time the Complaint was filed. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Thomas*, 487 F.3d at 533-34.

3

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiffs must sufficiently allege the citizenship of Defendants Charkit Chemical Corporation and Alfrebro, LLC, as outlined above. Therefore, the Court **ORDERS** Plaintiffs to **FILE**, on or before **May 11, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendants Charkit Chemical Corporation and Alfrebro, LLC.

So ORDERED this 27th day of April, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT